**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| AJ SLOAN, INC., *et al.*,<br><br>  Plaintiffs,<br>vs.<br><br>JACQUELINE R. HOLLOWAY, *et al.*,<br><br>  Defendant. | Case No. 2:15-cv-02436-GMN-VCF<br><br>**REPORT AND RECOMMENDATION**<br><br>MOTION FOR ATTORNEY'S FEES AND NON-TAXABLE COSTS [ECF NO. 41] |

Before the Court is Defendants Jacqueline Holloway and Clark County's Motion for Attorney's Fees and Non-Taxable Costs. (ECF No. 41). For the reasons stated below, Defendants' motion should be denied.

**BACKGROUND**

Plaintiffs AJ Sloan, LGS3, LGS4, and LGS5 are tavern owners holding Class A gaming licenses, subject to the provisions of Clark County Code Chapter 8.20. (ECF No. 46 at 3). In 2014, the Clark County Board of Commissioners amended provisions of Clark County Code Chapter 8.20 relating to the placement of slot machines. (ECF No. 41 at 3-4). Defendants agree that "Plaintiffs were initially informed by Director Jacqueline R. Holloway in February of 2015 that three of their four tavern locations were grandfathered and were not subject to the new requirements of the amended code." (*Id.* at 4). After discussions with other county officials, Holloway informed Plaintiffs in November 2015 that the interpretation of the Code revisions had been revised. (*Id.*). The locations were not grandfathered and must comply with the revisions. (ECF No. 1 at 15).

Plaintiffs filed a complaint against Defendants, asserting that "Defendants' November 2, 2015 reading of the revised ordinances is a flawed reading of them resulting in an uncompensated and

1

unconstitutional taking of vested property rights." (ECF No. 1 at 16). Plaintiffs sought injunctive relief and "declaratory relief determining that their Licenses are vested property rights" and that "Defendants' current interpretation of the revised ordinances…is improper and in conflict with the express language of the ordinance." (*Id.* at 16-17). Plaintiffs also brought a due process/taking claim asserting the Code revision "operates as [a] retrospective statute impairing vested rights." (*Id.* at 19).

On March 16, 2017, the Court granted Defendants' motion for summary judgment. (ECF No. 38). The Court found that Plaintiffs failed to come forward with competent evidence to "demonstrate a vested right to be insulated from new legislative conditions by virtue of prior ordinances or prior grandfathered status." (*Id.* at 7). The Court also found that "the County's interpretation of the 2014 Ordinance is reasonably consistent with its plain language." (*Id.*).

On March 27, 2017, Defendants filed a motion for attorney's fees and costs. (ECF No. 41). Defendants argue Plaintiffs case was frivolous and went against "well-established law that alcohol and gambling are subject to almost limitless restriction by Clark County." (*Id.* at 10-11). Defendants also assert "Plaintiffs' interpretation of the amended ordinance in an attempt to create some sort of constitutional short-coming was not consistent with its plain language." (*Id.* at 11). In opposition, Plaintiffs argue their claims had merit "with regard to the interpretation and enforcement" of the Code revisions. (ECF No. 46 at 9).

**DISCUSSION**

Under 42 U.S.C. § 1988, "the defendant…may recover attorney's fees from the plaintiff only if the District Court finds 'that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). "The plaintiff's action must be

meritless in the sense that it is groundless or without foundation. The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Id.*

Plaintiffs had a reasonable basis to bring this case. Though Plaintiffs' argument regarding a property interest in their licenses did not carry the day (*see* ECF No. 38 at 5-7), the Court should not find that this rises to the level of a frivolous or groundless matter. In light of Holloway's contradictory statements, Plaintiffs' decision to challenge Defendants' interpretation of the 2014 Code revisions was not frivolous, unreasonable, or without foundation. In particular, Plaintiffs' request for declaratory relief determining that "Defendants' current interpretation of the revised ordinances…is improper and in conflict with the express language of the ordinance" (ECF No. 1 at 16) had an arguable foundation. Therefore, the Court should not award Defendants their attorney's fees and costs.[1]

ACCORDINGLY, and for good cause,

IT IS RECOMMENDED that Defendants' Motion for Attorney's Fees and Non-Taxable Costs (ECF No. 41) be DENIED.

DATED this 24th day of January, 2018.

_____

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants filed a separate Bill of Costs (ECF No. 40) which were taxed in accordance with Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54-1 (ECF No. 48).

3